## FOOCHOW IMPORTING CO. (HOYT, SHEPSTON & SCIARONI) *v.* UNITED STATES

No. 5698.—Invoice dated Canton, China, April 9, 1926.
Entered at San Francisco, Calif., May 14, 1926.
Entry No. 16604.

(Order dated August 19, 1942)

*Lawrence & Tuttle* (*Charles F. Lawrence* and *George R. Tuttle* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, *Richard F. Weeks*, and *Daniel I. Auster*, special attorneys), for the defendant.

### ORDER

OLIVER, Presiding Judge: This appeal to reappraisement involves the question of the values of various merchandise imported at the port of San Francisco on May 14, 1926.

The appeal now before the court is claimed to be a duplicate of an original that was apparently lost while in Government custody. This duplicate appeal contains the following statement: "This document

has been prepared October 14, 1939, and is being filed to replace appeal 4546 which has been lost or misplaced.''

Counsel for the plaintiff called W. W. Collins, senior liquidator at the port of San Francisco, as a witness in an effort to prove that a timely appeal to reappraisement had been filed by having him refer to and interpret the official records. While said witness states in substance that the original appeal was filed timely, the testimony that he gave to support such reasoning is not entirely convincing. However, the official papers do indicate that a notice of appraisement was sent to the importer on June 16, 1926, and that the merchandise had been advanced in value. The collector's work sheet or tentative liquidation calculations show that the entered values have been increased 4 per centum and that an additional duty of $53.80 was due. On the consumption entry appears a stamp of additional deposit of $53.80 due and also another stamp showing that this additional deposit of $53.80 was paid on June 23, 1926. Under the peculiar circumstances of this case, I feel it is only fair to assume that if the importer deposited his additional duty within 7 days after the notice of appraisement he probably filed his notice to appeal to reappraisement at the same time. I therefore hold that the appeal to reappraisement in this case is timely.

This merchandise was entered at its unit values plus cases and packing plus an item of export duty of Hong Kong $153.82 which was added under so-called duress. The merchandise was "Appraised at units of value as noted on the invoice in Hong Kong currency plus 5% plus cases and packing ($118.61).'' The total of the invoiced units amounts to Hong Kong $1,295.90. It therefore appears the entered value is higher than the value found by the appraiser for the reason that the appraiser did not include the item of export duty in his finding of value.

Subsequent to the submission of this case, a motion to set aside such submission was granted and the case was then submitted on the following stipulation:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the court that the item of export tax appearing on the invoice (HK$153.82) and included in the entered values represents a Chinese government tax similar to that involved (in respect to merchandise exported from China) in *US* v. *Tadross*, 14 CCA 10, TD 41528, and therein held to be not a part of foreign or export value; that the record in said case, so far as it relates to exportations from China may be incorporated herein, and that upon this stipulation and the existing record the appeal may be ordered submitted.

As previously stated, the entered values herein included an item of export duty which item was so entered "in order to meet advances made by the appraiser.'' The appraiser in making his statement of value, "Appraised at units of value as noted on the invoice in Hong Kong currency plus 5% plus cases and packing ($118.61),'' appar-

ently disregarded the item of export duty as being a part of the value of the involved merchandise, but did include an item of "5%" as a part of his appraised value.

The previously quoted stipulation might be sufficient grounds for the court to find that the "export tax" is not part of the foreign or export value of the involved merchandise but is entirely insufficient for a finding that the item of "5%" which the appraiser included in his appraised value is not part of such value.

In the case of *Meadows, Wye & Co. (Inc.) et al.* v. *United States,* 17 C. C. P. A. 36, T. D. 43324, the court said:

*** it is incumbent upon the party who perfected the appeal to meet every material issue involved in the case. If he fails to do so, his appeal is subject to dismissal by the trial court, in which event the appraised value would be in full force and effect. *United States* v. *F. B. Vandegrift & Co. et al.,* 16 Ct. Cust. Appls. 278, T. D. 43120.

During my study of this case I discovered a jurisdictional question analogous to the situation discovered by the Court of Customs and Patent Appeals in the case of *United States* v. *Klytia Corp.,* C. A. D. 178.

The instant case was entered under the so-called duress provisions of section 489 of the Tariff Act of 1922, and there is attached to the consular invoice herein a "Certificate of Pending Reappraisement" in the following language:

In accordance with section 489, tariff act of 1922, the entered value of the merchandise herein is certified to be higher than the value as defined in said act, and said merchandise is so entered in order to meet advances by the appraiser in similar cases now on appeal for reappraisement. The similar cases now pending are entries 6668, 4975, etc., at the port of San Francisco, and similar cases at other ports, on export tax.

A complete investigation of the records of the Reappraisement Bureau of this court discloses that appeals to reappraisement involving San Francisco entries 6668 and 4975 were received, identified, and disposed of by the court, as follows:

| San Francisco Entry No. | Coll. No. | Reap. No. | Date of appeal | Date decided |
|---|---|---|---|---|
| 6668 | 1993 | 14023–A | Feb. 14, 1923 | Oct. 26, 1926 |
| 4975 | 2029 | 17750–A | May 9, 1923 | Nov. 5, 1923 |

However, I do not feel permitted to indulge in the presumption that the foregoing appeals are the cases referred to in the above-quoted "Certificate of Pending Reappraisement." Reappraisement 14023–A involved a shipment of chinaware from China, and reappraisement 17750–A involved a shipment of wrenches from Germany.

Therefore, for the reasons stated in the *Klytia* case, *supra,* and following the authorities cited therein, for the purpose of establishing the jurisdiction of the court to determine the proper values herein or the lack of such jurisdiction because of the status of the so-called "test" or

"pending" cases quoted in the certificate of pending reappraisement herein, I am restoring this case to the next San Francisco docket of this court for proof of the identity of the cited San Francisco entries 6668 and 4975, and the status of their appraisements in relation to the date of appraisement in the instant case, June 16, 1926.

It is so ordered.