FOOCHOW IMPORTING CO. (HOYT, SHEPSTON & SCIARONI)
v. UNITED STATES

No. 6113.—Invoice dated Canton, China, April 9, 1926.
Certified April 9, 1926.
Entered at San Francisco, Calif., May 14, 1926.
Entry No. 16604.

(Decided March 7, 1945)

*Lawrence & Tuttle* (*Charles F. Lawrence* and *George R. Tuttle* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, *Richard F. Weeks*, *Daniel I. Auster*, and *William J. Vitale*, special attorneys), for the defendant.

CLINE, Judge: This appeal, filed by the importer, requests a reappraisement of bamboo ware and other merchandise imported from China and entered at the port of San Francisco on May 14, 1926.

A hearing was held in San Francisco on March 11, 1940, mainly on the question of the timeliness of the appeal because of the loss of the original notice of appeal, and a further hearing was held on October 16, 1940, in regard to the examination of the merchandise. Subsequently the case was submitted on a stipulation reading as follows:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the court that the item of export tax appearing on the invoice (HK $153.82) and included in the entered values represents a Chinese Government tax similar to that involved (in respect to merchandise exported from China) in *United States* v. *Tadross*, 14 C. C. P. A. 10, T. D. 41528, and therein held to be not a part of foreign or export value; that the record in said case, so far as it relates to exportations from China may be incorporated herein, and that upon this stipulation and the existing record the appeal may be ordered submitted.

There was attached to the consular invoice a "Certificate of Pending Reappraisement," reading:

In accordance with section 489, tariff act of 1922, the entered value of the merchandise herein is certified to be higher than the value as defined in said act, and said merchandise is so entered in order to meet advances by the appraiser in similar cases now on appeal for reappraisement. The similar cases now pending are entries 6668, 4975, etc., at the port of San Francisco, and similar cases at other ports, on export tax.

On August 19, 1942, an order of Presiding Judge Oliver was entered (9 Cust. Ct. 550, Reap. Dec. 5698), holding that the appeal to reappraisement was timely; that the entered value included an item of export duty added to meet advances made by the appraiser; that the appraiser apparently disregarded the item of export duty as being part of the value of the merchandise, but did include an item of "5%"; that, while the stipulation might give a sufficient ground for the court to find that the export tax was not a part of the value of the merchandise, it was insufficient for a finding that the item of "5%" was not a part of such value. However, the court raised the point that it might not have jurisdiction, since the appraisement herein was made prior to the final determination of one of the entries mentioned in the "Certificate of Pending Reappraisement," namely, San Francisco entry No. 6668, citing *United States* v. *Klytia Corporation*, 29 C. C. P. A. 109, C. A. D. 178. The case was ordered restored to the San Francisco docket "for proof of the identity of the cited San Francisco entries 6668 and 4975, and the status of their appraisements in relation to the date of appraisement in the instant case, June 16, 1926."

At a hearing in San Francisco on February 15, 1943, Charles R. Temby, liquidator at the port of San Francisco, testified that entry No. 6668 was made by the American Express Co.; that it involved

decorated china; that the appeal was sent to the appraiser on February 14, 1923; that a decision made on October 26, 1926, was "The appraised value affirmed less export duty." A motion was made by counsel for the plaintiff to dismiss the appeal herein and direct the appraiser to make a valid appraisement. That motion was withdrawn the next day on the ground that under section 16 (b) of the Customs Administrative Act of 1938, the court has power to determine the value of the merchandise even though the original appraisement be held invalid.

Subsequently plaintiff submitted a brief containing the following:

Because the record herein shows that the appraisement in question was made before a final decision was rendered with respect to one of the entries cited in the certificate of pending reappraisement attached to the invoice (entry 6688), and in view of *United States* v. *Klytia*, 29 C. C. P. A. 109, C. A. D. 178, the instant appeal should be dismissed upon the ground that the attempted appraisement is invalid.

In view of the decision in *United States* v. *Oberle*, Reap. Dec. 6062, and *North American Mercantile·Co.* v. *United States*, Reap. Dec. 6072, it is apparent that the present status of this appeal is not affected by the Customs Administrative Act of 1938 as suggested in plaintiff's motion herein, dated August 9, 1943.

An examination of the record in San Francisco entry No. 6668, reappraisement No. 14023–A, indicates that the appeal was taken by the American Express Co. on February 14, 1923; that it involved chinaware and was submitted on a stipulation reading in part as follows:

It is hereby stipulated that the item of export tax included in the entered value of these appeals is a Chinese Government tax similar to that involved in *United States* v. *Tadross*, T. D. 41528; that the record in said case, so far as it involves exportations from China, may be incorporated herein; that the appraised value of the merchandise herein, less the item of export tax, equals the foreign and export value of the merchandise; and that upon this stipulation and the official record these appeals may be ordered submitted.

Decision was rendered on October 26, 1926.

It is clear from the testimony and an inspection of the record that entry No. 6668 involved the same question as is involved in the instant case, that is, whether or not the Chinese export tax should be included as an item of the value of the merchandise. It could therefore properly be used as a test entry. *Beaver Products Co.* v. *United States*, 17 C. C. P. A. 434, T. D. 43878; *United States* v. *Fuchs & Lang Manufacturing Co.*, 18 C. C. P. A. 460, T. D. 44760. It follows that the appraisement by the local appraiser is premature and invalid. *United States* v. *Klytia Corporation*, *supra*. In that case it was held that it was incumbent upon the appraiser to suspend appraisement in the duress case until the final determination of the test case; that an appraisement made prior to such determination was premature and invalid; that the case was never properly before the Customs Court

for decision on the merits; and that the appeal should have been dismissed.

Even though plaintiff may have withdrawn its motion to dismiss the appeal, the court is under a duty not to proceed where it has no jurisdiction. *Clark* v. *Paul Gray, Inc.*, 306 U. S. 583; *Morris* v. *Gilmer*, 129 U. S. 315. The appeal must therefore be dismissed on the ground that the appraisement was premature and invalid.

Since the appraisement was made prior to the effective date of the Customs Administrative Act of 1938, this court has no power to determine the value of the merchandise where the appraisement is void. *United States* v. *William J. Oberle, Inc.*, Reap. Dec. 6062; *North American Mercantile Co.* v. *United States*, Reap. Dec. 6072.

For the reasons above stated, the appeal is dismissed. The papers should be returned to the appraiser in order that a valid appraisement may be made. Judgment will be entered accordingly.