No. 7741.——*T. W. Holt & Co.* v. *United States.* Entered at Tampa, Fla. Reap. Dec. 7714. Motion by appellant.

## Foo Chow Importing Co. *v.* United States

No. 7742.—
Entry No. 16604.

(Decided October 6, 1949)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for the plaintiff.
*David N, Edelstein,* Assistant Attorney General (*Richard H. Welsh,* special attorney), for the defendant.

Cline, Judge: This is an appeal for the reappraisement of bamboo ware and other merchandise imported from China and entered at the port of San Francisco on May 14, 1926. The goods were entered at the invoice unit prices, plus packing, plus an item of 153 Hong Kong dollars representing a Chinese export tax, the latter amount being added under duress. The merchandise was appraised at the invoice unit prices, plus packing, plus 5 per centum.

This merchandise was before the court in reappraisement No. 133770–A, *Foo Chow Importing Co.* (*Hoyt, Shepston & Sciaroni*) v. *United States,* 14 Cust. Ct. 358, Reap. Dec. 6113, wherein it was held that the appraisement by the local appraiser was premature and invalid since it was made prior to the final determination of the test case cited in the certificate of pending reappraisement. The appeal was therefore dismissed and the papers returned to the appraiser in order that a valid appraisement might be made.

Subsequently, the merchandise was again appraised and this appeal filed. At the trial it was stipulated between counsel for the parties herein that the proper export value under the Tariff Act of 1922 was the invoice unit prices, plus packing, and that the foreign value, as defined in the Tariff Act of 1922, was no higher.

On the agreed facts I find the export value, as that value is defined in section 402 (c) of the Tariff Act of 1922 to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the invoice unit prices, plus packing.

Judgment will be rendered accordingly.